## CAVIN v. O'ROURKE ENGINEERING & CONSTRUCTION CO.

### (Supreme Court, Appellate Term. May 7, 1909.)

New Trial (§§ 66, 72*)—Grounds—Verdict Contrary to Law and Evidence.
    A verdict that is clearly against the weight of the evidence and the in-
    structions consented to by the parties should be set aside on motion.
        [Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 132, 146; Dec.
    Dig. §§ 66, 72.*]

Appeal from City Court of New York, Trial Term.

Action by Richard W. Cavin against the O'Rourke Engineering &
Construction Company. From a judgment for plaintiff, and an order
denying a new trial, defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and DAYTON and
GOFF, JJ.

James B. Henney, for appellant.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for re-
spondent.

PER CURIAM. This is an action at common law. The verdict is
clearly against the weight of evidence and the instructions of the court,
which were consented to by plaintiff's counsel. It affirmatively appears
from the plaintiff's own testimony, as well as from that of his fellow
watchman, Hassett, who was subpœnaed by plaintiff, but called by the
defendant, that the plaintiff knew of the dangerous condition of the
fence, and when he reported it to the foreman the day before the acci-
dent the latter at once sent for three or four carpenters and had it
fixed. It is testified to by plaintiff, and uncontradicted, that a few
months before the accident by which he was injured plaintiff saw a
section of the fence to the north of him blown over by the heavy winds,
and that he was left to watch the gap by Hassett while the latter went
for carpenters to repair the damage. In view of that uncontradicted
testimony defendant's counsel requested the court to charge:

"I ask your honor to charge the jury that if the plaintiff, prior to the acci-
dent, saw the fence wabble, and knew it was likely to fall, he cannot recover,
and that he assumed that risk.
    "Plaintiff's Counsel: I consent to its being charged, your honor."

And later:

"I ask your honor to charge that, after the men came up there and fixed
the fence, and plaintiff saw it was liable to fall on the day of the accident, he
assumed that risk, and cannot recover.
    "Plaintiff's Counsel: I consent to its being charged."

Both of these requests were charged by the court on the consent of
counsel. They are in accord with well-settled principles of law, and
the return of a verdict for plaintiff can only be taken as indicating
that the jury were so led by sympathy that they ignored the evidence
and the instructions of the court.

Judgment reversed, and new trial ordered, with costs to appellant
to abide the event.

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.